# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM SMITH, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-2016-JAR** |
| | ) | |
| **MILL-TEL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 27, 2008, this Court approved a Joint Motion to File Stipulation of
Confidential Settlement and Release Under Seal in this case (Doc. 40). The case was dismissed
with prejudice on April 10, 2009 (Doc. 46). Movant Justin Price and all other Persons Similarly
Situated subsequently filed a separate claim against defendant Mill-Tel, Inc., alleging it failed to
pay overtime in violation of the Fair Labor Standards Act ("FLSA").[1] This matter is before the
Court on Price's Motion to Intervene and Remove the Seal From the Court Approved Settlement
Agreement and Related Documents (Doc. 48). Mill-Tel has filed a response in opposition. For
the reasons set forth in detail below, Price's motion is denied.

**Discussion**

Fed. R. Civ. P 24(b) governs permissive intervention and provides, in pertinent part:

> (b) Permissive Intervention. (1) . . . On timely motion, the court may
> permit anyone to intervene who: . . . (B) has a claim or defense that shares
> with the main action a common question of law or fact . . . (3) . . . In

---

[1] *Price, et al. v. Mill-Tel, Inc.*, Case No. 09-2513-JWL-JPO.

exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.[2]

Permissive intervention under Rule 24(b) is within the sound discretion of the trial court.[3]

The Tenth Circuit has held that when a party seeks permissive entry for the sole purpose of gaining access to discovery subject to a protective order, no particularly strong nexus of fact or law needs to exist between the two suits.[4]  When intervention is sought for the sole purpose of challenging a protective order, timeliness is not a concern because the existing parties have settled their dispute and intervention is for a collateral purpose.[5]

Protective orders make the discovery of a particular case operate more efficiently, encouraging disclosures that may not otherwise have been made without an assurance of confidentiality.[6]  However, "when a collateral litigant seeks access to discovery produced under a protective order, there is a counterveiling efficiency consideration—saving time and effort in the collateral case by avoiding duplicate discovery."[7]  The Tenth Circuit has agreed with the standard set forth by the Seventh Circuit in *Wilk v. American Medical Association*[8], which states:

> Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would

---

[2]Fed. R. Civ. P. 24(b)(1)(B)(2), (3).

[3]*United Nuclear Corp., v. Cranford Ins. Co.*, 905 F.2d 1424, 1426 (10th Cir. 1990).

[4]*Id.* (citing *Meyer v. Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987)).

[5]*United Nuclear Corp.*, 905 F.2d at 1427.

[6]*Id.*

[7]*Id.*

[8]635 F.2d 1295 (7th Cir. 1980).

tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order.[9]

In applying the standard, the Seventh Circuit stated, "While it is true that the rule of *Wilk* is intended to avoid the wastefulness of duplicating discovery already made, this consideration, standing alone, must not take precedence over a court's detailed identification of substantial rights that would be prejudiced by intervention for modification purposes."[10] In *Griffith v. University Hospital*,[11] the Seventh Circuit held that a district court did not abuse its discretion in denying a motion to intervene because the district court determined that the appellees had a substantial right that would have been prejudiced by permitting intervention for purposes of viewing a settlement agreement.[12] The district court found that the class members affected by the sealed settlement agreement relied on its provisions, including the confidentiality provision, and that the proposed intervention could upset the settlement and create prejudice.[13]

In *Cunningham v. Rolfe*,[14] this Court denied a motion to intervene for the purpose of modifying or vacating a protective order.[15] The court determined that even if a common question of law or fact existed, allowing the intervention would be prejudicial to the original

---

[9]*United Nuclear Corp.*, F.2d 1424 at 1428 (quoting *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)).

[10]*Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 663 (7th Cir. 2001).

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]131 F.R.D. 587 (D.Kan. 1990).

[15]*Id.* 590-91.

parties,

whose settlement was dependent on the protective order.[16]

In this case, it appears that the two actions have a common question of law or fact, as they both concern the FLSA and pertain to the alleged failure of Mil-Tell to pay overtime to its employees. Nevertheless, the Court finds that allowing intervention for the purpose of removing the seal from the Settlement Agreement would prejudice the original parties in this action. Mil-Tell has stated in its opposition to the motion to intervene that the Settlement Agreement was conditioned in part upon the sealing of the court file. Like the parties in *Cunningham*, it appears that the parties to the original lawsuit, in reaching their settlement, relied on the confidentiality of the agreement. Without the seal on the agreement, it is possible that the parties in the original action would not have reached a settlement.[17] Moreover, Price is not challenging the Court's sealing of the documents, rather he is requesting access to the Settlement Agreement's contents in order to support a potential contention of "willfulness" against Mill-Tel. The Confidential Settlement Agreement, however, cannot be used to prove liability on the part of Mill-Tel.[18] Finally, there is no indication that Price would be unable to obtain this information during his own discovery investigation. Accordingly, Price's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that movants' Motion to Intervene and Remove the Seal from the Court Approved Settlement Agreement and Related Documents (Doc. 48) is DENIED.

---

[16]*Id.*

[17]*Id.* at 591 (citations omitted).

[18]*See* Fed. R. Evid. 408; *Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987).

**IT IS SO ORDERED.**

Dated: <u>July 21, 2010</u>

         <u> S/ Julie A. Robinson </u>
         JULIE A. ROBINSON
         UNITED STATES DISTRICT JUDGE